**Mujahid AKHMAD, Petitioner— Appellant,**

v.

**John IGNACIO, Respondent—Appellee.**

No. 02–15055.

D.C. No. CV–98–00147–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 22, 2002.

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

## MEMORANDUM \*

Akhmad claims that jury misconduct occurred during deliberations at his trial. He has the burden of showing that a constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation and internal quotation marks omitted). The introduction of juror "expert" medical opinion bore on a critical issue in the case. However, the weight of the evidence against Akhmad was such that any error was harmless, and did not have a substantial and injurious effect on the jury's decision.

Akhmad also alleges prejudicial prosecutorial misconduct. The prosecutor's remarks to the jury during closing argu-

of this circuit except as provided by Ninth Circuit Rule 36–3.

ments, however, were fair inferences to be drawn from the record and did not render the trial "so infected ... with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citation and internal quotation marks omitted). Any references to evidence not presented at trial did not constitute plain error.

Nor did Akhmad's lawyer render ineffective assistance at trial. The defense attorney's decision not to retain a medical expert was tactical, and therefore did not constitute deficient performance under *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, counsel's failure to uncover evidence that may have impeached a government witness was harmless given the weight of the evidence, and the cumulative nature of the testimony given by the witness in question. *Id.* at 694.

Finally, Akhmad claims a violation of state-law rules in the process leading to his indictment by a grand jury. However, federal habeas relief is not available for a claim based on state law. *Bonillas v. Hill,* 134 F.3d 1414, 1417 (9th Cir.1998).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.