**Kenneth WARE, Plaintiff–Appellee,**

v.

**Anthony NEWLAND, Defendant–Appellant.**

**No. 00–15247.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

### MEMORANDUM[2]

Kenneth Ware, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for conspiracy to commit murder. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Ware contends that his due process rights were violated because the evidence at trial was insufficient to sustain his conviction. We review de novo the district court's denial of a § 2254 petition. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). A conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Miller v. Stagner*, 757 F.2d 988, 992 (9th Cir. 1985). On habeas review, the state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1).

In Ware's direct appeal, the California Court of Appeal found that: (1) Ware and a co-conspirator, in fleeing a bank robbery, ran towards a police vehicle when being pursued; (2) one conspirator exclaimed to the other, "Shoot the mother fucker"; and (3) both conspirators next raised their weapons and repeatedly fired into the vehicle before fleeing together. Ware has failed to rebut the presumption of correctness afforded the state court's findings. *See* 28 U.S.C. § 2254(e)(1); *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir.2000) (stating that presumption must be rebutted with clear and convincing evidence).

■ We conclude that these facts are sufficient to support Ware's conviction because based on these facts a rational trier of fact could have found beyond a reasonable doubt that Ware entered into an agreement to commit murder. *See Miller*, 757 F.2d at 992–93 (upholding convictions for conspiracy to commit murder where the evidence established an agreement between appellants to accomplish the goal and the overt acts committed in furtherance of it); *see also People v. Swain*, 12 Cal.4th 593, 49 Cal.Rptr.2d 390, 909 P.2d 994, 998 (1996) (stating elements of conspiracy to commit murder). Because Ware's due process rights were therefore not violated, the district court properly denied his petition for habeas relief. *See* 28 U.S.C. § 2241(c)(3).

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.