**Kenneth Ray DONAGHE, Petitioner–Appellant,**

v.

**George GALAZA, Warden, and the Attorney General of the State of California, Respondent–Appellee.**

No. 99–17215.

D.C. No. CV–98–03464–SI.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 2, 2000

Submitted Feb. 6, 2001.

Decided Feb. 8, 2001.

courts in this circuit except as provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge, and BEEZER and PAEZ, Circuit Judges.

## ORDER

The opinion in *Solis v. Garcia*, 219 F.3d 922 (9th Cir.2000), now being final, this case is resubmitted for decision.

## MEMORANDUM *

Petitioner Kenneth Ray Donaghe appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

▮ The district court's decision to grant or deny a habeas petition is reviewed de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000). Findings of fact made by the district court are reviewed for clear error. *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir.2000). Under the Anti-terrorism and Effective Death Penalty Act of 1996, factual findings made by the state court are "presumed to be correct." 28 U.S.C. § 2254(e)(1).

▮ Donaghe was convicted of murder under California's aiding and abetting "natural and probable consequences" doc-

trine. Under that theory, the defendant can be convicted of the charged crime if he (1) had knowledge of a confederate's unlawful purpose; (2) intended to commit, encourage, or facilitate the commission of any target crime; and (3) aided, promoted, encouraged, or instigated the target crime. Further, his confederate (4) committed the charged crime; and (5) the charged crime was a natural and probable consequence of the target crime. *Solis*, 219 F.3d at 927. Although the jury instructions in this case were "badly muddled," *People v. Lucas*, 55 Cal.App.4th 721, 64 Cal.Rptr.2d 282, 291 (1997) (affirming Donaghe's conviction), the jury was instructed on each of these five elements. Contrary to Donaghe's contention, the trial court was not required to instruct the jury on the elements of the alleged target crimes. *Solis*, 219 F.3d at 927–28.[2] Furthermore, "there is no reasonable doubt whether [the] conduct [of Donaghe's confederate Lucas] was criminal." *Id.* at 928. Therefore, "there is no reasonable likelihood that the jury applied the instructions in a way that violated the Constitution." *Id.; see also Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (conviction based on ambiguous jury instructions will not be vacated in a habeas petition unless "there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution.") (internal quotation marks omitted).

▮ Donaghe next contends that he received constitutionally inadequate notice of the murder charge against him because the State never specified the target crimes upon which the "natural and probable consequences" theory was predicated. Under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. The jury in this case actually received more information than the *Solis* jury did. Donaghe's jury received instructions on the crime of felony brandishment, Cal.Penal Code § 417.3, the most likely target crime.

state law, a general charge of murder gives a defendant adequate notice that he could be prosecuted under aiding and abetting liability. *Lucas,* 64 Cal.Rptr.2d at 291–92. Further, the prosecutor explicitly told Donaghe at the preliminary hearing that he intended to rely on the "natural and probable consequences" doctrine. Lastly, the district court found that "[t]he range of potential [target] offenses was in no way mysterious." This finding was not clearly in error. *See Solis,* 219 F.3d at 926 (district court's factual findings are reviewed for clear error). Therefore, we conclude that Donaghe received adequate notice.

 Third, Donaghe argues that his conviction should be vacated because the jury may not have unanimously agreed on which target crime or crimes he aided and abetted. A state law criminal defendant has no due process right to a unanimous jury verdict. *See, e.g., Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). Both this court and the California courts have held that jurors need not agree on the target crime. *Solis,* 219 F.3d at 928; *People v. Prettyman,* 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013, 1024 (1996).

 Fourth, Donaghe contends that his conviction should be vacated because his murder conviction might have been based on a misdemeanor target crime, possession of a weapon, Cal.Penal Code § 12025(b), or possession of a loaded weapon, Cal.Penal Code § 12031. This court has already determined that a misdemeanor can support a "natural and probable consequences" aiding and abetting murder conviction. *Spivey v. Rocha,* 194 F.3d 971, 977 (9th Cir.1999). The factual finding of

the state court and the district court that Donaghe and Lucas engaged in one "continuous-action sequence" that resulted in murder, *Lucas,* 64 Cal.Rptr.2d at 290, was not clearly in error.

Donaghe's last claim is that his robbery and conspiracy convictions should be reversed because of the constitutional errors in his murder conviction. Because we find no constitutional error, Donaghe's conviction on all counts is AFFIRMED.