**Edwin Arnold LOVETT, Petitioner–Appellant,**

v.

**Susan YEARWOOD, acting warden; Attorney General Ca, Respondents–Appellees.**

No. 00–15874.

D.C. No. CV–98–01515–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 30, 2001.

Before SCHROEDER, Chief Judge, WALLACE, TALLMAN, Circuit Judges.

MEMORANDUM *

Edwin Arnold Lovett appeals from the district court's denial of his 28 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 2254 petition challenging his 1996 jury conviction for second degree murder and personal use of a deadly weapon. We affirm.

■ Lovett first contends that the admission of audio taped police interviews of Lea Lachenauer rendered his trial so fundamentally unfair as to violate due process. The tapes consisted of approximately three hours of questioning by police detectives. We conclude that Lea's statements did not infect the entire trial with unfairness because they were cumulative of other evidence in the record and the facts asserted were already known by the jury. *See Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir.1991) (holding that habeas relief is warranted only if the improper admission of "evidence so fatally infected the proceedings as to render them fundamentally unfair"). Lovett also challenges the questions posed to Lea by the police detectives, but in light of the limiting instruction, there was no constitutional error. *See Dubria v. Smith*, 224 F.3d 995, 1001–02 (9th Cir.2000) (en banc).

■ Lovett next contends that the admission of the out of court statements made by Benito Morales violated the Confrontation Clause. Any error was harmless, however, because the circumstantial evidence connecting Lovett to the murder was very strong. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Bains v. Cambra*, 204 F.3d 964, 977–78 (9th Cir.2000). The victim, J.J. Gonzalez, was Lovett's drug connection whom Lovett sought for heroin several times a day. Phone records showed that Gonzalez was headed toward Lovett's home just before the murder. A little later, Lea and Arnold Lachenauer saw Lovett leave his own driveway driving Gonzalez's car, wearing gloves, and carrying something in the hatchback that looked like a lump. Gonzalez's body was found in

the hatchback later that day, clad only in underwear. Lovett had commented in the past that if you kill someone, you should dispose of all clothing to eliminate fiber evidence. Lea and Arnold saw blood on the living room walls and floor in Lovett's house on the day of the murder. Missing from the house were a baseball bat, a chair, and a garment bag.

■ Prosecutorial misconduct did not deprive Lovett of a fair trial. The prosecutor asked Gary Hanks four improper questions. However, immediately following each question, the trial court sustained defense counsel's objection, struck any discernable answer, and explicitly instructed the jury to disregard both the question and answer. *See Greer v. Miller*, 483 U.S. 756, 766–67, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (danger of prejudice from prosecutor's improper question ameliorated by an immediate objection and curative instructions); *Sassounian v. Roe*, 230 F.3d 1097, 1106–07 (9th Cir.2000). There was no error by the trial court.

Finally, Lovett's claim of cumulative error is without merit because the trial was not infected with multiple constitutional errors. Moreover, the claim is unexhausted. *See Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir.2000) (per curiam).

AFFIRMED.