**Lucio FLORES–ORTEGA, Petitioner—Appellant,**

v.

**Ernie ROE, Respondent—Appellee.**

No. 01–15260.
D.C. No. CV 95–5612 AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided May 3, 2002.

Before HUG and TASHIMA, Circuit Judges, and SEDWICK, District Judge.[*]

## MEMORANDUM [**]

Lucio Flores–Ortega (Flores) appeals the district court's denial of his petition for a writ of habeas corpus, after remand of the case from the United States Supreme Court. *See Roe v. Flores–Ortega,* 528 U.S. 470, 487, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we reverse.

The Supreme Court instructed the district court, on remand, to determine: (1) whether the public defender had a duty to consult with Flores regarding the filing of an appeal, either because there were potential grounds for appeal or because he expressed interest in appealing; (2) if a duty to consult existed, whether the public defender satisfied her duty; and (3) if the public defender breached her duty to consult, whether Flores was prejudiced as a result. *Id.; see Flores Ortega v. Roe,* 209 F.3d 1122 (9th Cir.2000). On remand, the district court found that, although the public defender did not consult with Flores regarding the filing of an appeal, she had no duty to do so because she did not believe that he had a meritorious ground for appeal, and, if a consultation had taken place, she would have advised Flores against the filing of an appeal. The district court also found that Flores did not reasonably demonstrate an interest in filing an appeal because "had petitioner requested [the public defender] to file a notice of appeal, she would have done so." The district court denied the habeas petition and Flores appeals for the second time.

A claim of ineffective assistance of counsel in violation of the Sixth Amendment requires a showing that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel has "a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe,* 528 U.S. at 480, 120 S.Ct. 1029.

■ We review the district court's denial of a habeas petition de novo. *Eslaminia v. White,* 136 F.3d 1234, 1236 (9th Cir.1998). We conclude that Flores reasonably demonstrated an interest in filing an appeal, thereby creating a duty for the public defender to consult with Flores on whether to file an appeal. The fact that the public defender wrote a note to herself to "bring appeal papers" on the front of Flores' sentencing report shows that Flores had demonstrated an interest in filing an appeal. The public defender's testimony that she is unable specifically to recall the discussion with Flores is just that—a failure of recollection. It is insufficient to overcome the clear and logical inference to be drawn from her note. Further, the public defender's testimony that she routinely brings appeal papers to sentencing hearings reinforces this inference. It seems unlikely that she would go out of her way to write a note reminding herself in this particular case to "bring appeal papers," if she routinely does so, unless Flores had demonstrated an inter-

---

[*] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

est in filing an appeal. We also agree with the magistrate judge's finding at the conclusion of the second evidentiary hearing, that the public defender did not "consult" with Flores–Ortega regarding the filing of an appeal.[1]

■ The Warden contends that even if the public defender breached a duty to consult with Flores about an appeal, Flores has failed to show actual prejudice as a result of the failure to file an appeal. A showing of actual prejudice is unnecessary in this case, however, because the Supreme Court has already found that "[Flores'] case is unusual in that counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Roe,* 528 U.S. at 483, 120 S.Ct. 1029. While proceedings which occur carry a presumption of reliability, there can be no presumption of reliability of proceedings that never took place. *Id.* at 483–484, 120 S.Ct. 1029; *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The Warden focuses on the wrong standard of prejudice. The only showing of prejudice required here is that "but for counsel's deficient conduct, [the defendant] would have appealed." *Roe,* 528 U.S. at 486, 120 S.Ct. 1029.

Because the public defender had a duty to consult with Flores and failed to do so, as a matter of law, prejudice is presumed. *See Roe,* 528 U.S. at 483, 120 S.Ct. 1029 (the complete denial of counsel at a critical stage of judicial proceedings carries a presumption of prejudice which renders a showing of actual prejudice unnecessary). The presumption of prejudice together with the evidence in the record demonstrates "that there is a reasonable probability that, but for counsel's deficient failure to consult with [Flores] about an appeal, he would have timely appealed." *Id.* at 484, 120 S.Ct. 1029. Thus, Flores was not afforded the effective assistance of counsel guaranteed by the Sixth Amendment.

The judgment is reversed and the case remanded to the district court with instructions to issue a conditional writ of habeas corpus releasing Flores from state custody, unless the state permits Flores to initiate and prosecute a direct appeal from his conviction within a reasonable period of time as determined by the district court.

REVERSED and REMANDED.

SEDWICK, District Judge, dissenting.

I respectfully dissent. Although a district court's denial of a § 2254 petition is reviewed *de novo,* the district court's factual findings are reviewed for clear error. *See Paradis v. Arave,* 240 F.3d 1169, 1175–76 (9th Cir.2001); *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000); *Henry v. Kernan,* 197 F.3d 1021, 1026 (9th Cir. 1999); *Weaver v. Thompson,* 197 F.3d 359, 362 (9th Cir.1999). The majority correctly notes that denial of a habeas petition is reviewed *de novo,* but neglects to address the subsidiary rule that the district court's findings of fact are reviewed for clear error.

A lawyer has a duty to consult with her client about an appeal in two circumstances, "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably

---

1. We use the term "consult" in the same sense as did the Supreme Court. *See Roe,* 528 U.S. at 478, 120 S.Ct. 1029 ("We employ the term 'consult' to convey a specific mean- ing—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.").

demonstrated to counsel that he was interested in appealing." *Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). There were no nonfrivolous grounds for an appeal of petitioner's conviction,[1] so this appeal of his habeas corpus petition turns on whether the district court's finding that petitioner had not expressed an interest in taking an appeal is clearly erroneous.

The magistrate judge presiding over the hearing on remand made findings of fact to the effect that petitioner never expressed an interest in filing an appeal. Among other findings, the magistrate judge noted, "[t]his court previously found that had petitioner requested Ms. Kops to file a notice of appeal, she would have done so. Under the totality of the evidence presented, this court finds that petitioner did not reasonably demonstrate to Ms. Kops that he was interested in appealing." The magistrate judge further stated that "No evidence was presented that petitioner would have timely filed a notice of appeal or that he was aware at the relevant time of any basis for appealing." The district court conducted a *de novo* review and agreed. The majority does not explain why these findings are clearly erroneous.

The inferences drawn by the majority are not unreasonable. However, that alone does not make the lower court's findings of fact clearly erroneous. Indeed, for

reasons discussed at length by the magistrate judge, ample evidence supports the conclusion that the petitioner did not want to file an appeal. To begin with, the evidence of his guilt was overwhelming; petitioner committed murder in front of numerous witnesses. He entered a guilty plea, suggesting that he was no longer interested in pursuing additional proceedings. *See Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("a highly relevant factor . . . will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."). His plea operated to reduce his potential sentence by 50%. A successful appeal would have returned him to "square one" facing a sentence twice that which he received. Petitioner did not testify during the second round of proceedings following remand. However, during the first round he testified that he did not know what an appeal was. He also confirmed that he never talked with counsel about withdrawing his plea. Defense counsel testified concerning her customary practice, and declared that she would have filed an appeal if petitioner expressed any interest at all in filing an appeal.

Under the preceding circumstances, the district court's findings of fact that peti-

---

1. The majority does not suggest there were nonfrivolous grounds for appealing the conviction. Petitioner's briefing identified two potential grounds for an appeal of the conviction. First, under *People v. Harvey,* 25 Cal.3d 754, 159 Cal.Rptr. 696, 602 P.2d 396 (Ct.App. 1979), it was error for the prosecutor to discuss dismissed counts at sentencing. However, as conceded at oral argument this ground was expressly waived by petitioner. As a consequence the *Harvey* argument was withdrawn. Second, under *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the trial court erred by failing to

reconcile petitioner's guilty plea with his professed innocence. *Alford* simply requires that there be an adequate factual basis to support a guilty plea and that, if a defendant claims innocence, the trial court should inquire further to reconcile any conflict between a guilty plea and the claim of innocence. *Alford,* 400 U.S. at 38 n. 10, 91 S.Ct. 160. The existing record supplies ample evidence that the state trial court judge made sure that petitioner wanted to change his plea and understood why he was entering a plea. An appeal based on *Alford* would have been frivolous.

tioner did not reasonably demonstrate an interest in filing an appeal are not clearly erroneous. It seems to me that before we reverse on the ground offered by the majority, a better explanation of why the independent findings of two judicial officers were clearly erroneous is in order. The majority suggests only that the notation to bring appeal papers on counsel's file renders the fact finding below clearly erroneous. Yet, the record does not establish that the notation was made in response to any communication from the client to his lawyer and standing alone and in that posture does not, at least in my view, render the findings below clearly erroneous.

Assuming the majority correctly holds that it was clearly erroneous to find that defendant did not reasonably demonstrate an interest in an appeal, it should be recognized that application of the Court's *per se* prejudice rule adopted in *Flores–Ortega* is bound to perplex the state court to which, we have decided, a frivolous appeal may now be taken. I write further to emphasize what appears to be an incongruity in *Flores–Ortega* which, one may hope, the United States Supreme Court will one day explain for the benefit of the lower courts.

The majority correctly notes that, under *Flores–Ortega*, prejudice is presumed if counsel fails to consult with her client about a potential appeal in which the client has demonstrated some interest. *See Flores–Ortega*, 528 U.S. at 483–84, 120 S.Ct. 1029. Indeed, the Court emphasized

that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484, 120 S.Ct. 1029. However, this new rule implicates another question apparently unrecognized by the Court: has a petitioner (let alone this particular petitioner) still suffered cognizable prejudice if he or she has no non-frivolous issue to raise on appeal? Put differently, is counsel constitutionally ineffective for failing to file a frivolous appeal? If so, what goal or purpose of the Sixth Amendment is advanced?

No one has ever seriously contended that petitioner in this case has a nonfrivolous issue to appeal. Indeed, for reasons previously discussed, it seems clear that he does not. Yet petitioner's case seems slated for another round of state court appeals litigating frivolous issues which will undoubtedly lead to another around of § 2554 proceedings. Although I recognize that *Flores–Ortega* appears to compel this result,[2] the end result seems inconsistent with the core principles announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). One consequence of the Court's opinion as applied here is that one form of *per se* presumption has been substituted for another which has been disapproved by the Court. Ironically, this result follows notwithstanding the fact that the Court expressly eschewed reliance on *per se* tests to evaluate ineffective assistance of counsel

---

**2.** Were it not for the Court's specific instruction that a defendant is entitled to an appeal "when counsel's constitutionally deficient performance deprives [defendant] of an appeal that he otherwise would have taken," *Flores–Ortega*, 528 U.S. at 484, 120 S.Ct. 1029, I would read *Flores–Ortega* as establishing a rebuttable presumption of prejudice that a respondent could overcome by showing lack

of actual prejudice. Under such a rule, no Sixth Amendment right would be implicated when counsel failed to file a frivolous appeal- a result I believe to be consistent with reason, policy, and precedent. However, I recognize that this construction seems foreclosed by the specific language used by the Court to announce its holding.

claims and emphasized that the "circumstance-specific reasonableness inquiry required by *Strickland*" requires an evaluation of whether counsel's performance was reasonable under all of the circumstances. *Flores–Ortega*, 528 U.S. at 478, 120 S.Ct. 1029; *see also id.* at 484, 120 S.Ct. 1029. The Court's new rule of presumed prejudice seems to be at odds with *Strickland* and its progeny which require some showing of actual prejudice, at least in a case like this one where there is no actual prejudice.