Marjorie **HERNANDEZ**, Plaintiff—
Appellant,

v.

Susan **POOLE**, Warden, Defendant—
Appellee.

No. 00–16574.

D.C. No. CV–94–03413–CAL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided March 19, 2002.

Before REINHARDT and FISHER,
Circuit Judges, and MOLLOY,* District
Judge.

## MEMORANDUM**

Petitioner Marjorie Hernandez appeals
the district court's denial of her federal
habeas petition, raising the sole claim of
implied juror bias.[1] We agree with the
district court that although the facts and
circumstances of this claim are most un-
usual, they are not such as to require that
we overturn the verdict on the ground of
juror bias.

The underlying facts are as follows: On
May 14, 1985, after a six week trial, Her-
nandez and her boyfriend were found
guilty of murder in the first degree for
financial gain. Willie Wade was called
during the roll call of prospective jurors on
the third day of voir dire and was sworn in
a few days later. At the conclusion of the
trial, he volunteered, and was chosen, to
serve as foreman after no one else volun-
teered for the position. Wade attended
the sentencing hearing purportedly out of
curiosity, but once there, testified on Her-

---

* The Honorable Donald Molloy, United States
District Judge for the District of Montana,
sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. Because Hernandez filed her petition prior
to the effective date of Anti–Terrorism and
Effective Death Penalty Act of 1996 (AEDPA),

its amendments to 28 U.S.C. § 2254 do not
apply to her appeal. *Jeffries v. Wood,* 114
F.3d 1484, 1495–96 (9th Cir.1997) (en banc).
We review *de novo* a district court's denial of
a habeas corpus petition. *Henry v. Kernan,*
197 F.3d 1021, 1026 (9th Cir.1999). The
district court's factual findings in support of
the denial of the petition are upheld unless
clearly erroneous. *Solis v. Garcia,* 219 F.3d
922, 926 (9th Cir.2000).

nandez's behalf at Hernandez's attorney's request. Hernandez was sentenced to life in prison without the possibility of parole.

The district court conducted an evidentiary hearing on Hernandez's claim that juror Wade was biased due primarily to his improper contact with her daughter Elaine, a witness for the State. Hernandez also introduced evidence that Wade was sexually attracted to her, as well as to her daughter. The evidence relating to the defendant herself was all in the form of post-conviction contacts.

Wade testified at the evidentiary hearing that he first saw Elaine on April 4, 1985, during voir dire. He stated that he noticed her in the hallway as he entered the courtroom because she was very attractive. According to Wade, later that day, he saw her again outside the court building, waiting for the bus; he wanted "to hit on her," and offered her a ride. Elaine accepted.

The district court found that Wade's encounter with Elaine occurred sometime before she testified at trial. It found that they did not discuss the trial or participants in the trial during their conversation in the car, and that Wade did not know at the time that Elaine was the defendant's daughter. It also credited Wade's statement that he decided not to pursue the relationship with Elaine when she informed him that she was a minor. We cannot say that these district court findings are clearly erroneous.

Wade testified that he was surprised by Elaine's appearance at the trial as a witness, a little over two weeks after he picked her up. Although Wade recognized Elaine, he did not tell the court about their prior encounter because, he said, he did not think it important.

The district court found that other than the car ride, there were no contacts be-tween Wade and Elaine prior to or during the trial. The court also found that there was no improper contact between Wade and the defendant during the trial.

Wade admitted that approximately three months after sentencing, he began writing letters to Hernandez and that she wrote back, thus commencing a correspondence between them that lasted for seven years. Wade testified that he was sexually attracted to Hernandez during the trial and that although he started writing with the intention of just being friendly, his letters eventually became sexually explicit. Indeed a torrid romance developed, principally on paper, although Wade visited the defendant in prison on and off during the seven year period.

The district court denied Hernandez's petition for a writ of habeas corpus. It found that although the post-trial relationship between Wade and Hernandez may have suggested some bias at the time of trial, it alone was not sufficient to support a finding of implied or actual bias. The court also found, as to Elaine, that "the most [Wade] did was fail to disclose to the trial judge, when [she] was called to testify, that he had previously given her a ride and talked to her." It, therefore, concluded that there was no factual basis on which to find implied or actual bias. Hernandez appeals only the implied bias finding.

Generally, a juror is shown to be biased by the demonstration of actual bias. *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir.2000). In extraordinary cases, however, a court may imply bias based on the circumstances. *Green v. White*, 232 F.3d 671, 676 (9th Cir.2000). In this case, despite the unusual nature of the relationship that developed between Wade and Hernandez after the trial, the facts of Wade's conduct *during* the trial do not warrant the conclusion that this is one of the rare and "extreme situations" in which

a court implies the existence of bias. *Tinsley v. Borg,* 895 F.2d 520, 527 (9th Cir.1990). The district court found that there was no contact between Hernandez and Wade during the trial. Additionally, it concluded that although the failure to disclose the contact between Wade and Elaine was improper, the failure was harmless because the contact did not involve any discussions about Hernandez or the events involved in the trial. Because the district court's factual findings are not clearly erroneous, we agree with its conclusion that the circumstances of this case do not warrant a finding of implied bias. *See Tinsley,* 895 F.2d at 529.

AFFIRMED.