Michael Wayne DAVIS, Petitioner—
Appellant,

v.

Terry STEWART, Director, et al.,
Respondents—Appellees.

No. 02–15257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2003.

Submission Deferred March 20, 2003.

Resubmitted Sept. 10, 2003.

Decided Sept. 12, 2003.

Michael J. Meehan, Esq., Quarles and Brady Streich Lang, LLP, Tucson, AZ, for Petitioner–Appellant.

Diane Gunnels Rowley, Richard M. Romley, DCA, Maricopa's County Attorney's Office, Phoenix, AZ, for Respondent–Appellee.

Before: KOZINSKI, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM *

The petitioner appeals the denial of his habeas petition by the district court. Because the facts are familiar to the parties involved, we recount them only so far as necessary to explain our decision.

1. The state trial court did not commit a constitutional violation by failing to order the identity of the "88–Crime" witness revealed. There is therefore no confrontation clause problem.

■ No evidence from the hotline caller was used against Davis at trial. Further, Davis has not shown that had the information been revealed, there was "[a] reasonable probability of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (internal quotation marks omitted). So the fact that the information was withheld does not "undermin[e] confidence in the outcome of the trial." *Id.* (internal quotation marks omitted). The only evidence likely to emerge from the 88–Crime witness would have been evidence that Davis was or was not at the crime scene at or near the time of the crime. Because Davis already admits that he was present at the scene around the time of the murder, such information could not have affected the verdict.

2. There was no error in the trial court's jury instructions. Jury instructions violate *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), if they allow a jury to convict without finding every element of the charged offense, *Solis v. Garcia*, 219 F.3d 922, 927 (9th Cir.2000)

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(per curiam); *see also In re Winship*, 397 U.S. at 364.

To find Davis guilty of felony murder, the jury had to find that Kaplan's death had been caused "in the course of and in furtherance" of the burglary. *See* Ariz. Rev.Stat. Ann. § 13–1105(A)(2). The jury therefore also had to find that Davis had committed burglary, which requires entering or remaining "unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." *Id.* § 13–1507.

The instructions, as read by the judge into the record, require a finding of intent for the burglary conviction. The court also gave the jury an instruction indicating that a finding of voluntary intoxication could negate a finding of intent. As it was properly instructed on both felony murder and burglary, the jury necessarily found that Davis had an intent to commit a theft or other felony in spite of Davis's intoxicated state.

■ Davis contends that there should have been an additional instruction requiring the jury to find that he formed the specific intent required to commit theft. From the jury's ultimate decision, it is clear that the jury's finding that the defendant was guilty of committing burglary was based on the predicate offense of theft, because Davis was found not guilty on the kidnapping charge, and that the jury necessarily found that Davis had *intended* to commit theft.

Davis presents no coherent theory under which he could have the requisite intent to commit a theft, as the term is commonly understood, at the time of entry into the victim's house, but not have the intent to take another person's property that did not belong to him (as required to constitute intent to commit the crime of theft). There was no suggestion at trial that Davis entered the house with the intent to

recover his *own* property or to take property in any other manner not consistent with theft. The court's instructions therefore were not materially different than those requested by the defendant.

In *Solis v. Garcia*, we held that the trial court's failure to instruct the jury on the intent requirement of the predicate offense on which the aiding and abetting and felony murder charges were based was not reversible because the jury had to find intent to convict the defendant based on the remaining jury instructions. 219 F.3d at 927–28. Similarly, the jury in Davis's case could not have convicted Davis without finding intent to commit theft.

Thus, the trial court did not violate the requirements of *In re Winship* by allowing the jury to convict without finding every element of the offense. 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. Nor were the instructions "contrary to, or involv[e] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under such circumstances, this court has no authority to issue a writ of habeas corpus.

We also reject Davis's contention that the jury instructions were inadequate because the jury was confused. Jury affidavits generally are not pertinent to undermine a verdict or jury instructions, and they are not relevant here. *See Walker v. United States*, 298 F.2d 217, 226 (9th Cir. 1962) (affirming district court's refusal to consider juror affidavit concerning alleged misunderstanding by the jury of instructions).

3. Finally, we need not decide whether we have the authority to expand the certificate of appealability to include Davis's sufficiency of the evidence claim because, even assuming that we do, that claim fails. A rational trier of fact could find that

**610**

Davis had the intent to commit theft when he entered the victim's house. The evidence is enough that the state court's application of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) was not unreasonable.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

