Nathaniel **MARTINEZ**, Petitioner—
Appellant,

v.

Edward S. **ALAMEIDA**, Jr.,
Respondent—Appellee.

No. 04–17371.

D.C. No. CV–01–02079–DFL/GGH.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2005.*

Decided Oct. 24, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Allison Claire, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

David A. Lowe, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM **

Petitioner Nathaniel Martinez appeals the denial of a habeas corpus petition challenging his first-degree murder conviction in state court. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the district court's denial of Martinez's petition.

We review the district court's decision to deny the habeas petition de novo. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000) (per curiam). We review the district court's factual findings in support of the petition's denial for clear error. *Id.*

Martinez first argues that the trial court violated due process by failing to instruct the jury on the lesser included offenses of attempted murder and involuntary manslaughter. Because the omission of such jury instructions did not create fundamental unfairness by denying Martinez adequate instructions on his alibi theory of defense, this claim is not cognizable on federal habeas review. *See id.* at 929–30; *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.1984).

Martinez next argues that the trial court's failure to instruct the jury on the elements of the "target" crime (assault with a firearm) in the aiding and abetting "natural and probable consequences" instructions rendered the trial fundamentally unfair. Under California's natural and probable consequences doctrine, a defen-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dant who aids and abets another in the commission of a crime (the "target" crime) is guilty not only of that crime, but also of any other crime (the "charged" crime) that the other person commits if it is a natural and probable consequence of the crime originally aided and abetted. *See generally People v. Prettyman*, 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013, 1019–26 (1996) (describing the doctrine). In *Solis*, this Court squarely rejected the argument that it is a per se due process violation to fail to describe the elements of the target crime. 219 F.3d at 926–28. Here, the challenged jury instructions were at least as complete as those in *Solis*. Accordingly, we cannot here find a violation of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See Solis*, 219 F.3d at 927. Instead, the failure to instruct the jury on the elements of the target crime rendered the jury's verdict "complete, but based upon ambiguous instructions." *Id.*

We therefore inquire whether "there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (internal quotation marks omitted)). Martinez contends that, because the elements of the target crime were not defined, the jury was reasonably likely to have speculated improperly about the target crime's nature. The evidence does not show any such reasonable likelihood.

Lastly, Martinez argues that the combination of the natural and probable consequences instruction with the instruction that "each principal, regardless of extent or manner of participation[,] is equally guilty" effectively allows a defendant to be convicted of murder with only the intent to commit a lesser crime, not with the malice aforethought usually required. Such a result, Martinez contends, violates due pro-

cess by altering the intent required for a conviction of murder under California law. Under California law, however, there is no doubt that an aider and abetter can be found guilty of a crime he did not intend, so long as the requirements of the natural and probable causes doctrine are met. *See People v. McCoy*, 25 Cal.4th 1111, 108 Cal.Rptr.2d 188, 24 P.3d 1210, 1213 (2001) ("[I]f a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault."); *People v. Croy*, 41 Cal.3d 1, 221 Cal.Rptr. 592, 710 P.2d 392, 398 n. 5 (1985) (In Bank) ("[A] defendant whose liability is predicated on his status as an aider and abettor need not have intended to encourage or facilitate the particular offense ultimately committed by the perpetrator."). The district court was therefore correct in rejecting Martinez's arguments on this issue. *Cf. Spivey v. Rocha*, 194 F.3d 971, 977 (9th Cir.1999) (denying habeas relief in an analogous case).

AFFIRMED.