**Jorge MORALEZ, Petitioner—Appellant,**

v.

**Fred BROWN, Warden, Respondent—Appellee.**

No. 04–56712.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Decided March 8, 2006.

James M. Crawford, Esq., Orange, CA, for Petitioner—Appellant.

Timothy M. Weiner, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner Jorge Moralez appeals from the district court's denial of his petition for habeas corpus. On de novo review, *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004) (per curiam), *cert. denied*, — U.S. ——, 125 S.Ct. 2540, 162 L.Ed.2d 277 (2005), we affirm.

The state trial court did not deprive Petitioner of due process by failing to instruct the jury on a theory of "imperfect self-defense," *People v. Flannel*, 25 Cal.3d 668, 160 Cal.Rptr. 84, 603 P.2d 1, 2 (1979), or attempted voluntary manslaughter. The evidence on which Petitioner relies (that rival gang members fired shots at the car in which he was riding) is consistent with the defense theory that Petitioner shot at the rival gang members because he *reasonably* believed that he was in danger. Accordingly, the jury was instructed on "pure self-defense." By contrast, there was no evidence that, if believed by the jury, would have established that Petitioner honestly but *unreasonably* feared for his safety. In the absence of evidence to support his theory, the state court did not

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

deprive Petitioner of due process by failing to give the instruction. *See Solis v. Garcia,* 219 F.3d 922, 928–30 (9th Cir.2000) (per curiam) (affirming denial of a habeas petition in similar circumstances).

AFFIRMED.

