Oloth INSYXIENGMAY, Petitioner—
Appellant,

v.

Richard MORGAN, Respondent—
Appellee.

No. 06–35205.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2007.

Filed Aug. 22, 2007.

Nancy D. Tenney, Esq., Corey Endo, Esq., Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Petitioner–Appellant.

John J. Sampson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM *

We affirm the district court's denial of Oloth Insyxiengmay's habeas corpus petition.

First, there is no clearly established federal right, as determined by the Supreme Court, for a defendant to receive a lesser included offense instruction in a non-capital trial. *See Solis v. Garcia*, 219 F.3d 922, 928–29 (9th Cir.2000). Nor is Insyxiengmay entitled to relief on that claim under 28 U.S.C. § 2254(d)(2). Although the state court failed to acknowledge some evidence that Insyxiengmay was not the shooter, its decision affirming the trial court's refusal to instruct the jury on voluntary and involuntary manslaughter would have been the same even if it had done so. As Insyxiengmay concedes, the jury did not have to conclude that he was the shooter to convict him of first degree murder based on extreme indifference to human life. Moreover, the state court's clerical error in referring to the statement "Let's to [sic] get 'em," instead of the admissible statement "I'm going to get them, I'm going to get 'em,'" —the former of which could not be lawfully admitted against Insyxiengmay under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)—was not the kind of "legal error" that "infects the fact-finding process," and constitutes an unrea-

sonable factual determination. *Taylor v. Maddox*, 366 F.3d 992, 1000–01 (9th Cir. 2004).

Second, even if the manner in which the trial court redacted Insyxiengmay's name in the admitted confession of the non-testifying co-defendant Nga Ngoeung, combined with the detective's attribution of the statement "Let's go get 'em" to Insyxiengmay, were to constitute a *Bruton* violation, Insyxiengmay has not satisfied the standard of "actual prejudice" set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Ngoeung's statements were not critical to or influential in proving that Insyxiengmay acted with extreme indifference to human life, as other evidence showed that Insyxiengmay grabbed the rifle that was used in the shootings, brought it from the house to the car, rode in the car during the chase, and, finally, that he returned to the house with the rifle in his hands, stated "We shot them up. We shot them up," and told Wendy West to get rid of the rifle. Moreover, although the statement "Let's go get 'em" may have offered evidence relevant to Insyxiengmay's mental state directly prior to the shootings, the State introduced a nearly identical statement, "I'm going to get them, I'm going to get 'em."

Third, the state trial court did not impose an unreasonable limitation on Insyxiengmay's ability to cross-examine Soutthanom Misaengsay about his plea agreement and his motive to lie. Interrogation of Misaengsay regarding the polygraph test might have confused the jurors, and would have been only marginally relevant to showing a *greater* motive to lie on the part of Misaengsay, who already had been promised an extremely reduced sen-

---

* This disposition is not appropriate for publication and is not precedent except as provided  by 9th Cir. R. 36–3.

tence due to his willingness to testify that Insyxiengmay was the shooter. Similarly, the limitation did not leave the jury without sufficient information to evaluate Misaengsay's credibility.

■ Finally, the state trial court's exclusion of Insyxiengmay and his counsel from the *in camera* hearing did not actually prejudice him. It is unclear whether Insyxiengmay would have testified if he had known that Prak would testify that Insyxiengmay had told him that he was not the shooter. Furthermore, even if Prak's statement that Detective Cassio told him that Misaengsay had confessed to being the shooter were admissible, it would not have affected the verdict because the jury had to find only that Insyxiengmay was an accomplice, and because of the other substantial evidence of Insyxiengmay's participation in the homicides, as discussed above.

AFFIRMED.