Floyd COLLINS, Petitioner–Appellant,

v.

Thomas L. CAREY, Warden, California State Prison, Solano, Respondent–Appellee.

No. 06–17195.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2009.*

Filed Feb. 12, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David McNeil Morse, Esq., San Francisco, CA, for Petitioner–Appellant.

Dorian Jung, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Floyd Collins appeals the District Court's denial of his petition for writ of habeas corpus challenging his conviction for first degree murder and the use of a firearm in the commission of the offense. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

"A district court's decision to grant or deny a petition for habeas corpus under 28 U.S.C. § 2254 is reviewed de novo." *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.2000). "However, findings of fact made by the district court relevant to the denial of his habeas corpus petitions are reviewed for clear error." *Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir.1995).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim … resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### A. Due Process: Admission of the Prior Acts of Domestic Violence.

■ In *Estelle v. McGuire*, the Supreme Court expressly left open the question of whether the admission of propensity evidence violated the Due Process Clause. 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Because the Court declined to consider the issue, there is no "clearly established Federal law[ ] as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir.2008); *Alberni v. McDaniel*, 458 F.3d 860, 863–67 (9th Cir. 2006) (holding no such Due Process right has been clearly established by the Supreme Court).

### B. Due Process: Prior Acts Instruction

Although "[a]ny jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence," *Mendez v. Knowles*, 535 F.3d 973, 983 (9th Cir.2008) (quoting *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir.2004)), CALJIC No. 2.50.02 has been held constitutional by several California courts, *see People v. Wilson*, 166 Cal. App.4th 1034, 83 Cal.Rptr.3d 326, 336–39 (2008); *People v. Brown*, 77 Cal.App.4th 1324, 92 Cal.Rptr.2d 433, 437–39 (2000); *see also People v. Reliford*, 29 Cal.4th 1007, 1012–16, 130 Cal.Rptr.2d 254, 62

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

P.3d 601 (2003) (upholding the analogous sex offense instruction). Read in conjunction with the instructions on proof beyond a reasonable doubt, it was not unreasonable under AEDPA for the California courts to find no due process violation. *See Waddington v. Sarausad,* ─── U.S. ───, 129 S.Ct. 823, 832, 172 L.Ed.2d 532 (2009) ("[T]he pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.") (internal quotations omitted); *cf. Gibson,* 387 F.3d at 812 (striking down the 1994 version of CALJIC No. 2.50.02).

### C. Due Process: Manslaughter Instruction

█ Although the manslaughter instruction was erroneous, *see People v. Lasko,* 23 Cal.4th 101, 106, 96 Cal.Rptr.2d 441, 999 P.2d 666 (2000), "the failure … to instruct on a ·lesser included offense in a non-capital case does not present a federal constitutional question," *Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998); *see also Solis v. Garcia,* 219 F.3d 922, 928–29 (9th Cir.2000) (reaffirming *Windham* ). Even assuming that the erroneous instruction prevented Collins from presenting a defense, having found Collins guilty of first-degree murder under these circumstances, it was impossible for the jury to have found that Collins was guilty of manslaughter. The error thus did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

### D. Effective Assistance of Counsel: Attorney's Failure to Challenge J9 and the Failure to Preserve the Jury Questionnaires

█ "Establishing *Strickland* prejudice in the context of juror selection requires a showing that, as a result of trial counsel's failure to exercise peremptory challenges, the jury panel contained at least one juror who was biased." *Davis v. Woodford,* 384 F.3d 628, 643 (9th Cir.2004) (citing *United States v. Quintero–Barraza,* 78 F.3d 1344, 1349 (9th Cir.1995)). This argument fails because: (1) there is no evidence in the record that Juror No. 9 actually withheld material information on his juror questionnaire; (2) even if there was a discrepancy, Collins's attorney's conduct was within the realm of professional competence, *see Quintero–Barraza,* 78 F.3d at 1349; and (3) even if there was a discrepancy, Collins has failed to demonstrate prejudice.

### E. Due Process: Failure to Preserve the Jury Questionnaire ..

·Although the state must provide an indigent defendant with a record of the proceedings that is sufficient to permit adequate and effective appellate review, *see Griffin v. Illinois,* 351 U.S. 12, 19–20, 76 S.Ct. 585, 100 L.Ed. 891 (1956), "appellant cannot prevail [on a due process claim for inadequate record] without a showing of specific prejudice," *United States v. Carrillo,* 902 F.2d 1405, 1409 (9th Cir.1990) (internal citations omitted). Although the juror questionnaires were destroyed, thorough transcripts of Juror 9's colloquy with the judge and counsel were preserved and are available on appeal. Even assuming that there .was a discrepancy, Collins can demonstrate no prejudice in this case.

**AFFIRMED.**