Joseph MESSER, Petitioner—Appellant,

v.

David L. RUNNELS; Attorney General of the State of California, Respondents—Appellees.

No. 07–15151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 27, 2009.

Joseph Messer, Soledad, CA, pro se.

Clayton Susumu Tanaka, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: HAWKINS and TALLMAN, Circuit Judges, and SINGLETON,* Senior District Judge.

MEMORANDUM **

Joseph Messer shot and killed his brother-in-law, David Michaud. In 2000, a jury convicted him of second-degree murder with a firearm enhancement and he was sentenced to 40 years to life in a California state prison. Messer exhausted his direct appeal in state court and now appeals the district court's denial of his federal habeas corpus petition. He alleges that his due process rights were violated (1) because the trial court improperly instructed the jury on the intent element of voluntary manslaughter, and (2) because the court failed to instruct the jury on the lesser included offense of involuntary manslaughter.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

Messer first contends that the trial court's jury instruction regarding voluntary manslaughter violated his constitutional right to due process. As the parties agree, the jury in his case was erroneously instructed that in order to find Messer guilty of voluntary manslaughter, they must find, beyond a reasonable doubt, that he possessed the intent to kill. *See People v. Lasko,* 23 Cal.4th 101, 109–10, 96 Cal. Rptr.2d 441, 999 P.2d 666 (2000) (holding that an intent to kill is not an essential element of voluntary manslaughter).

The California appellate court's determination that the deficient voluntary manslaughter instruction did not "so infect[ ] the entire trial that the resulting conviction violate[d] due process,'" *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)), was not an objectively unreasonable determination of governing federal law, as required by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). *Waddington v. Sarausad,* —— U.S. ——, 129 S.Ct. 823, 831, 172 L.Ed.2d 532 (2009). The instruction elevated the prosecution's burden at trial on this offense and, in any event, did nothing to undermine or draw into question Messer's conviction. The trial court properly instructed the jury regarding second-degree murder and its elements, notwithstanding the defense's "all or nothing" strategy of requesting instruction only on murder in the first degree. The jury then convicted Messer of second-degree murder, thus demonstrating that it believed the killing was committed with malice aforethought and not, for example, in the heat of passion or during a sudden quarrel.

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Messer also raises two uncertified claims, which we decline to address on appeal.

Moreover, as the state court found, Messer's claim for habeas relief ignores the substantial evidence supporting the second-degree murder conviction. Messer had a high-powered rifle in the house, loaded with particularly lethal, soft-nosed bullets. He shot Michaud in the chest at close range and then operated the bolt, ejecting the casing and reloading the rifle. Witness Mark Etter observed Messer standing over Michaud's body, still pointing the rifle in the victim's direction. Messer muttered "game over" and threatened to shoot Etter. Messer then dragged Michaud's body to his truck, hid the body and murder weapon in the woods, and fled. He substantially altered his appearance and, with the assistance of others, avoided capture for some time. Messer told one of the persons who aided his escape that he shot Michaud because he had used the "wrong words."

In sum, the jury concluded that the evidence satisfied each essential element of the second-degree murder offense beyond a reasonable doubt. Accordingly, the California court determined that the ailing voluntary manslaughter instruction did not render Messer's trial fundamentally unfair or have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The state court's adjudication of this claim was not objectively unreasonable.

Second, Messer contends that the trial court's failure to instruct the jury on the lesser included offense of involuntary manslaughter denied him due process. We have recognized that "the failure ... to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." *Windham v.*

*Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998); *see also Solis v. Garcia,* 219 F.3d 922, 928–29 (9th Cir.2000). Further, as discussed above, the omitted instruction does nothing to undermine Messer's second-degree murder conviction. *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710. It is therefore not objectively unreasonable for the state court to conclude that Messer has no valid federal due process claim to support habeas relief based on the omission of a state law involuntary manslaughter instruction in this non-capital case. *See Moses v. Payne,* 555 F.3d 742, 759–60 (9th Cir. 2009).

**II**

Messer has failed to meet his burden under AEDPA for habeas relief. The state court's rejection of his jury instruction claims was not objectively unreasonable.

**AFFIRMED.**