FILED

**NOT FOR PUBLICATION**

DEC 22 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT C. CERVANTEZ,

       Petitioner - Appellant,

  v.

C. K. PLILER,

       Respondent - Appellee.

No. 06-56352

D.C. No. CV-04-00625-SGL

MEMORANDUM *

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted December 9, 2009
Pasadena, California

Before: KOZINSKI, Chief Judge, TROTT and WARDLAW, Circuit Judges.

Appellant Cervantez appeals the district court's denial of his petition for a

writ of habeas corpus, alleging two errors.

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

First, in connection with the lesser included offense of manslaughter, he asserts that the state trial court erred in failing to instruct the jury that the State bore the burden of disproving "heat of passion" beyond a reasonable doubt. This claim fails because the failure of a state court to instruct on lesser included offenses does not present a federal constitutional question cognizable on federal habeas review. Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000). Also, the California Court of Appeal held that the factual record was utterly devoid of any evidence that would have supported a finding of "heat of passion." This determination is well supported by the record. Accordingly, the Court of Appeal correctly concluded pursuant to Neder v. United States, 527 U.S. 1 (1999), that any instructional omission was harmless under Chapman v. California, 386 U.S. 18 (1967). Likewise, the omission of the instruction had no substantial and injurious effect or influence on the jury. Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).

Second, Cervantez argues that the removal by the state trial court of a sitting juror who indicated that she would not follow the court's orders deprived him of his right to due process guaranteed by the Sixth and Fourteenth Amendments.

The Court of Appeal found appropriate factual and legal cause for the trial court's decision. We agree. Moreover, there do not yet exist established rules from the Supreme Court governing the handling of a recalcitrant juror.

2

AFFIRMED.