FILED

MAR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL ROBERT HAGER,

                 Petitioner - Appellant,

  v.

MATTHEW CATE, Warden,

                 Respondent - Appellee.

No. 09-55218

D.C. No. 5:06-cv-00950-CJC-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

    Paul Robert Hager appeals from the district court's denial of his habeas

corpus petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

§ 2253. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the denial of Hager's habeas petition *de novo*. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir. 2001). The district court's findings of fact are reviewed for clear error. *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir. 2000). To receive habeas relief, Hager must show the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He cannot carry this burden.

Hager has not shown his guilty plea was involuntary. Plea agreements are contractual in nature, and we enforce unambiguous plea agreements according to their terms. *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000). Hager's plea agreement allowed the maximum sentence. Preliminary comments by the trial judge cannot reasonably be viewed as a promise of a lighter sentence. *See id.* This is especially true when neither counsel nor Hager indicated any understanding of such a promise during the plea colloquy. Instead, Hager acknowledged that the maximum sentence was possible and that there were no other agreements concerning his sentence. These "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Second, Hager has not shown that he suffered ineffective assistance of counsel. There is "a strong presumption that counsel's conduct falls within the wide

2

range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). We are particularly cautious about second-guessing counsel when a plea is entered. *See Premo v. Moore*, --- U.S. ---, 131 S. Ct. 733, 745 (2011). Here, Hager's counsel advised Hager to sign a plea agreement that reflected the parties' understanding about the possible sentence range and benefitted Hager by shielding him from further charges. Hager's counsel pursued a mitigation strategy that focused on contriteness rather than character. Hager's counsel could not effectively object to the probation report when its supposed problems were unsubstantiated, implausible, or both.

AFFIRMED.