NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMUEL SAMSON GUZMAN,

        Plaintiff - Appellee

  v.

DEBORAH DEXTER,

        Defendant - Appellant

No. 11-56467

D.C. No. 5:10-cv-01009-JAK-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for Central District of California,
John A. Kronstadt, District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and DORSEY, District Judge[**]

    Petitioner Samuel Samson Guzman appeals the denial of a habeas corpus

petition challenging his second-degree murder conviction in California state court.

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     ** The Honorable Jennifer A. Dorsey, District Judge for the District of Nevada, sitting by designation.

1

We review the district court's denial de novo and review its related factual findings for clear error. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004) (citing *DePetris v. Kuykendall*, 239 F.3d 1057, 1061 (9th Cir. 2001); *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir. 2000) (per curiam)). We have jurisdiction under 28 U.S.C. § 2253 and affirm the district court's denial of habeas relief.

Guzman contends that the trial court violated his Sixth Amendment rights by excluding evidence of the victim's gang affiliation. We reject this contention because this Circuit recognized in *Spivey v. Rocha*, 194 F.3d 971 (1999), that evidence of a victim's gang membership is inadmissible to bolster a defendant's self-defense claim. Gang-membership evidence is "not probative to the question of whether" the victim was armed. *Id.* at 978. Thus, excluding this evidence did not render Guzman's trial "so fundamentally unfair as to violate due process." *Id.* In any event, apart from our own precedent, no clearly established Supreme Court precedent supports Guzman's claim of constitutional error.

Guzman further argues that this Court should expand the Certificate of Appealability ("COA") to consider whether the trial court erred by allowing the prosecutor to introduce evidence of Guzman's training in the Marine Corps, where he served as a cook, and to characterize Guzman as "trained to kill" by the military. The trial court did not err in admitting this evidence because Guzman's military

training was relevant to determining his state of mind, impeaching his testimony, and evaluating his self-defense claim. Even if this evidentiary decision were erroneous, Guzman has not made the requisite "substantial showing of the denial of a constitutional right" for the Court to expand the COA and address this challenge. 28 U.S.C. § 2253(c)(2); *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999)); *see also Estelle v. McGuire*, 502 U.S. 62, 70 (1991) (admission of relevant evidence does not violate due process) (per curiam) (citation omitted).

Finally, Guzman contends that the COA should be expanded to determine whether the gang-membership and military-training evidence cumulated to deprive him of a fair trial. Again, we conclude that Guzman has failed to show a constitutional violation. Even if these evidentiary decisions were erroneous, they did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The Anti-Terrorism and Effective Death Penalty Act, which governs Guzman's habeas petition, requires that "the state court decision [was] more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 410, 412 (2000)). The trial court's decision must have been "objectively unreasonable." *Id.* (citation omitted). Nothing in the record, viewed

favorably to Guzman, suggests objectively unreasonable decisions by the trial court or the subsequent reviewing courts. Guzman's cumulative-error argument thus fails to satisfy the requirement of a substantial showing of the denial of a constitutional right.

Guzman has not demonstrated that the state court's decisions were contrary to law or evidenced an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**