Javier MENDEZ, aka Gilberto Benitez, Petitioner—Appellant,

v.

E. ROE, Warden; et al., Respondents—Appellees.

No. 02–56372.

D.C. No. CV–98–01816–JNK/RTB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Jan. 21, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Jerald L. Brainin, Los Angeles, CA, Javier Mendez, pro se, Lancaster, CA, for Petitioner–Appellant.

Attorney General, Lise S. Jacobson, DAG, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Javier Mendez, a.k.a. Gilberto Benitez, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 Amended Petition for a Writ of Habeas Corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Because Mendez filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See* 28 U.S.C. § 2254; *Lindh v. Murphy,* 521 U.S. 320, 327–36, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). AEDPA dictates that we review *de novo* the district court's denial of Mendez's habeas petition, *see Avila v. Galaza,* 297 F.3d 911, 914 n. 1 (9th Cir.2002), *cert. dismissed,* 538 U.S. 919, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003), but "[t]he district court's factual findings in support of the denial ... must be upheld unless clearly erroneous." *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000). Under AEDPA, federal courts may grant a writ of habeas corpus only if the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ Applying these standards, we find meritless each of Mendez's five assignments of error. First, the district court correctly ruled that Mendez was not denied a right to consular access under Article 36 the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77. The Supreme Court has treated the issue of whether Article 36 creates judicially enforceable rights as an open question, *see Breard v. Greene*, 523 U.S. 371, 376, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998), and we have expressly declined to "decide whether the treaty creates individual rights that are judicially enforceable...." *United States v. Lombera–Camorlinga*, 206 F.3d 882, 884 (9th Cir.2000) (*en banc*). Because no clearly established federal law directs that Article 36's consular access provision institutes a judicially enforceable right, relief for a violation of the article may not be granted in a federal habeas corpus petition. *See* § 2254(d) (stating that the state court decision must be contrary to, or involve an unreasonable application of, clearly established federal law).

Second, the district court properly determined that the state trial court had jurisdiction over Mendez's crimes, which occurred, in part, on state land. The State of California has expressly retained jurisdiction over crimes such as Mendez's that occur, at least in part, within its boundaries. *See* Cal.Penal Code § 27(a)(1) (stating that "[a]ll persons who commit, in whole or in part, any crime within this state" are "liable to punishment under the laws of this state").

■ Third, the district court correctly found that Mendez's trial counsel was not ineffective for declining to argue that Mendez was incompetent to stand trial. To

establish ineffective assistance of counsel, Mendez must show that his counsel's performance was deficient and that this deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Each of Mendez's ineffective assistance of counsel claims is predicated on the assertion that he suffered from a mental illness at the time of his trial that rendered him incompetent. The record, however, is devoid of any evidence supporting Mendez's incompetence claim and there is no indication that his counsel failed to provide "reasonably effective assistance." *Id.*

■ Fourth, the district court did not err by failing to instruct the jury, *sua sponte*, that simple possession of marijuana is a lesser included offense of possession for sale. While it is clear that failure to instruct on a lesser included offense can constitute constitutional error in a capital case, *see Beck v. Alabama*, 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), "[t]here is no settled rule of law on whether [this principle] applies to noncapital cases." *Turner v. Marshall*, 63 F.3d 807, 819 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir.1999). Accordingly, any finding of constitutional error in a case such as Mendez's "would create a new rule [of law that would be] inapplicable ... under *Teague [v. Lane*, 489 U.S. 288, 299–300, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ]."

■ Lastly, the district court correctly determined that Mendez could not collaterally challenge the constitutionality of his 1984 state court conviction through a § 2254 petition. Where, as here, a petitioner's state court conviction was later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior

conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). The Supreme Court has allowed a petitioner to collaterally challenge a prior conviction only "where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404, 121 S.Ct. 1567. Because Mendez was represented by counsel when he pleaded guilty to his 1984 conviction, *Lackawanna*'s "failure to appoint counsel" exception does not apply and he is precluded from collaterally attacking that conviction through a § 2254 petition. *See id.* at 406, 121 S.Ct. 1567.

AFFIRMED.