**Reginald Harrison SAMUELS, Jr., Petitioner—Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent—Appellee.**

No. 03–15292.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Oct. 22, 2004.

John Ward, Ward and Capriola, Sebastopol, CA, for Petitioner–Appellant.

Reginald Harrison Samuels, Jr., California State Prison, Vacaville, CA, Robert R. Anderson, Depty Atty. Gen., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: W. FLETCHER, FISHER, Circuit Judges, and WINMILL,* District Judge.

## MEMORANDUM **

Petitioner Reginald Samuels was convicted in California state court for possession of stolen property. He was sentenced to a term of 27 years to life under California's Three Strikes law. After exhausting his state remedies, Samuels filed this habeas petition. The district court denied the petition. Samuels appeals, arguing that he was denied a fair trial because he was prevented from meaningfully asserting his defense, and that his trial counsel was constitutionally ineffective.

The panel reviews the district court's denial of Samuels's habeas petition de novo. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000). The petition is governed

---

* The Honorable B. Lynn Winmill, Chief United States District Judge, District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). The last reasoned decision by the state courts in this case is the California Court of Appeal's decision on direct review. Therefore, the panel is to determine whether the Court of Appeal's decision was either "contrary to" or an "unreasonable application" of clearly established Supreme Court law. *Kennedy v. Lockyer,* 379 F.3d 1041, 1046 (9th Cir. 2004).

The Supreme Court has repeatedly held that every defendant has a "fundamental constitutional right to a fair opportunity to present a defense." *Crane v. Kentucky,* 476 U.S. 683, 687, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); *Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In this case, Samuels's defense was simple. He argued to the jury that they should believe a handwritten confession letter sent by Samuels's co-defendant Willie Martin to Rhonda Samuels, the petitioner's wife and co-defendant. In the confession letter, Martin explained that he was responsible for the presence of the stolen property in Samuels's apartment and that Samuels had no knowledge of any wrongdoing. The confession letter was admitted into evidence over the objections of both Martin and the prosecution.

The confession letter was unsigned, and its authenticity was open to question. Both Martin and the prosecutor agreed that Martin had written the letter, and the parties informally agreed outside the presence of the jury that no one would question the fact that Martin had written the confession letter. However, no stipulation to that effect was entered into and presented to the jury, and the court did not instruct the jury that the confession letter was written by Martin. Samuels had sought to introduce other handwritten letters from Martin to Rhonda to prove that the unsigned confession letter was genuine. The trial court refused to admit the other letters because it determined that they were irrelevant, given that the genuineness of the confession letter was not in dispute between the parties.

Rhonda had testified about the other letters, and she had examined them in the presence of the jury. One and one-half hours into deliberations, the jury sent a note to the court that read, "We the jury in the above-entitled action, request the following: All the letters written by Willie Martin." After conferring with counsel, the court responded to the jury with the following written note: "All exhibits admitted into evidence were previously provided to you. The requested documents are unavailable for your review and consideration." The California Court of Appeal, which wrote the last reasoned state court opinion in this case, upheld the judge's refusal to provide the letters because it found the letters were properly excluded from evidence as irrelevant since they did not bear on an issue in dispute, and did not become relevant "merely because the jury requested them." Cal. Ct.App. opinion at 10.

■ The Court of Appeal's decision unreasonably applies Supreme Court precedent. Though the parties themselves did not dispute the genuineness of the confession letter, the lack of a stipulation or an instruction regarding the genuineness of the letter left the issue open for the jury— as became evident when the jury requested the other letters. The other handwritten letters thus remained relevant to Samuels's defense in that they would have allowed the jury to compare the handwriting in the letters and thereby determine whether the confession letter had been written by Martin. The judge's refusal to provide these letters when requested (or, in the alternative, to instruct the jury as to

genuineness, or have the parties stipulate genuineness in the presence of the jury) denied the jury the opportunity to consider Samuels's complete defense. Since a long line of Supreme Court precedent makes clear that there is a fundamental right to present a complete defense, we find that California Court of Appeal's decision was contrary to clearly established federal law as required for relief under AEDPA. *See, e.g., Crane,* 476 U.S. at 687, 106 S.Ct. 2142; *Chambers,* 410 U.S. at 302–03, 93 S.Ct. 1038.

■ The next question is whether the trial court's error was harmless. Because the California Court of Appeal held that there was no constitutional error, it did not reach the question of harmlessness. There is therefore no state court determination to which we can defer on this issue. Under *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), we ask whether the error "had substantial and injurious effect or influence in determining the jury's verdict." Applying *Brecht,* we hold that the error is not harmless. It is apparent from the record that the jury had doubts about whether Martin had written the confession letter. Since the confession letter was key to Samuels's defense, the jury's doubts went to the core of the case. Thus, we cannot hold that the trial court's refusal to provide the requested letters to the jury, or to take some other appropriate action to resolve the question of genuineness, was harmless under *Brecht.*

We therefore reverse the district court's decision denying Samuels's petition for a writ of habeas corpus. Because we find that Samuels was denied the opportunity to present a complete defense, we do not need to address his ineffective assistance of counsel claim.

We REVERSE the denial of the petition for the writ of habeas corpus and RE-MAND to the district court with instructions to grant the petition.