James Kenyatta **HEARD**, Petitioner— Appellant,

v.

Mike **HARRISON**, Warden, Respondent—Appellee.

No. 05–55969.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Aug. 24, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Seymour I. Amster, Esq., Seymour I. Amster Law Offices, Van Nuys, CA, for Petitioner–Appellant.

Corey J. Robins, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON *, Chief District Judge.

## MEMORANDUM **

Petitioner James Kenyatta Heard appeals the district court's denial of his habeas petition. Our review is governed by the provisions of Antiterrorism and Effective Death Penalty Act ("AEDPA"), particularly 28 U.S.C. § 2254(d), (e)(1).

### I.

Heard argues that his trial counsel, Moses Hall, provided ineffective assistance under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in five respects. We address each in turn, and conclude that none is sufficient to establish a habeas violation under AEDPA.

#### A. *Inadequate Pretrial Investigation*

Heard claims that Hall failed to conduct an adequate pretrial investigation because he failed to elicit Heard's version of events beyond hypothetical accounts. "It is well established that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002) (quoting *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052). In evaluating counsel's performance, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable profes-

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sional judgment. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

The state court's finding that "there is no evidence that had [Heard] actually told his lawyer the truth earlier, that the outcome would not have been just as it was" was neither contrary to nor an unreasonable application of *Strickland. See* 28 U.S.C § 2254(d)(1). As the state court noted, the trial judge gave Heard an opportunity to speak privately with Hall before the start of the defense case, and Heard told Hall what happened. The variance between the story Heard told at trial and the one he now advances was thus not the result of any failure by his lawyer to investigate the facts. Moreover, Hall's performance at trial demonstrates that Hall was adequately appraised of the relevant facts in the case to conduct cross-examination of the government witnesses on a self-defense theory, to which Heard testified.

Accordingly, the state court's conclusion that Heard failed to show prejudice is not an unreasonable application of *Strickland.* We therefore affirm the district court's denial of Heard's claim that Hall conducted constitutionally inadequate trial preparation.

B. *Ex Parte Meeting*

█ Heard's next subclaim is that Hall violated his Sixth Amendment rights by speaking with the trial judge without Heard present, despite Heard's specific request to be present during any meeting with the court that concerned him. He further complains that Hall used the ex parte hearing to falsely blame the breakdown in communications between Hall and Heard on Heard's failure to cooperate.

To the extent Heard has identified a legitimate violation of his Sixth Amendment right to effective assistance of counsel, he has failed to show prejudice. *See*

*Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed."). Heard's generalized claim that the trial judge was biased against him as a result of the ex parte meeting is speculative and unsupported by the record. *Cf. Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir.2003) (recognizing that, where the state court does not articulate a legal basis for rejecting a habeas claim, we conduct an independent review of the record to assess whether the "silent state court decision is objectively unreasonable").

C. *Plea Offer*

█ Heard contends next that Hall provided constitutionally ineffective assistance by failing to get his informed consent in rejecting an 11–year plea offer. As the district court concluded, there is no support in the record for the notion that an 11–year plea offer was ever made. *See Spears v. Stewart,* 283 F.3d 992, 1008 (9th Cir.2002) ("We review the district court's factual findings for clear error."). Heard's own affidavit fails to attest to the existence of such a plea.

Moreover, even if we accept Heard's suggestion, asserted for the first time in his brief on appeal, that the plea offer was for life with the possibility of parole rather than 11 years, Heard has not shown prejudice. Nothing in the record suggests he would have accepted such an offer even if it had been made. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 (holding that, for prejudice requirement, defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

D. *Failure to Prepare Heard to Testify*

Heard's fourth subclaim under his ineffective assistance claim is that Hall called

him to testify without adequately preparing him to do so. He asserts that "counsel called [Heard] to testify without investing any time in preparing Petitioner for cross-examination," in violation of NLADA guidelines governing criminal defense representation. Heard does not, however, describe in any detail what Hall should have better prepared him for upon cross-examination, nor has he identified any prejudice resulting from Hall's purported failure. *See Strickland,* 466 U.S. at 693, 104 S.Ct. 2052.

### E. *Counsel's Instruction to Testify Falsely*

██ Finally, Heard argues that Hall violated his Sixth Amendment rights by demanding that Heard testify only to self-defense, excluding any reference to the notion that anger or passion motivated Heard, despite the fact that Hall knew from Heard's own account of events that he did not act in self-defense.

We are unable to review this claim, however, because Heard did not argue that Hall suborned false testimony until his opening brief in this court, and the claim is therefore waived and either unexhausted or procedurally defaulted. *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (per curiam) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim."); *Belgarde v. Montana,* 123 F.3d 1210, 1216 (9th Cir.1997) ("Habeas claims that are not raised in the petition before the district court are not cognizable on appeal.").

### II.

In addition to his certified ineffective assistance of counsel claim, Heard asks us to expand the certificate of appealability to consider whether the trial court violated his right to due process by refusing to instruct the jury on manslaughter. There is no federal constitutional right to lesser included instructions in non-capital cases. *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir.2000) (per curiam). Even if there is a cognizable constitutional right to an instruction on the defense theory presented at trial, *see id.* at 929; *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.1984), Heard's theory of the case was self-defense, not heat of passion. We therefore decline to expand the certificate of appealability to add Heard's due process claim.

**AFFIRMED.**

