MEMORANDUM **
Paul Galloway (“Galloway”) appeals from the district court’s denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. Galloway challenges his 1999 California state court convictions for second degree murder, attempted non-premeditated murder, and vehicle theft. The district court denied Galloway’s § 2254 petition, but granted a certificate of appealability under 28 U.S.C. § 2253 as to Galloway’s claim that his trial counsel’s failure to re *531 tain a ballistics expert constituted ineffective assistance of counsel in violation of the Sixth Amendment. On appeal, Galloway raises both his certified claim and a second uncertified claim that the California trial court’s refusal to provide certain self-defense instructions that Galloway requested violated his Fourteenth Amendment right to due process.
The California Supreme Court’s determination that Galloway received constitutionally adequate assistance of counsel was not contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Counsel’s performance was not deficient under Strickland v. Washington because it did not fall below an objective standard of reasonableness under prevailing professional norms. 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The right to counsel provided by the Sixth Amendment is a right to “reasonable competence, not perfect advocacy judged with the benefit of hindsight.” Yarborough v. Gentry, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003). Galloway’s counsel effectively cross-examined the prosecution’s expert and presented additional photographic evidence, by which he won significant concessions from the prosecution’s expert. Galloway’s counsel had reason to avoid introducing an expert whose testimony would be as vulnerable to the prosecution’s cross examination as the prosecution’s expert was to the cross examination by Galloway’s counsel. See Bonin v. Calderon, 59 F.3d 815, 834 (9th Cir.1995). Galloway’s post-trial discovery of a ballistics expert who asserts he would have testified favorably at trial does not place trial counsel’s performance “outside the wide range of professionally competent assistance.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052. Nor does the discovery of such an expert demonstrate that Galloway’s trial counsel “made errors so serious that [he] was not functioning as the ‘counsel’ guaranteed ... by the Sixth Amendment.” Id. at 687,104 S.Ct. 2052.
Galloway claims that the instruction given by the trial court regarding the ability of a mutual combatant to exercise the right of self-defense under California law was erroneous, and he was entitled to additional instructions to present his theory of defense. We interpret Galloway’s appeal of an uncertified issue as a request to expand the certificate of appealability, Solis v. Garcia, 219 F.3d 922, 926 (9th Cir.2000), and we exercise jurisdiction only upon a “substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). We deny Galloway’s request because Galloway has not made the required substantial showing. Id. Although the due process clause guarantees the right of a defendant to adequate jury instructions on the defendant’s theory of the case, such instructions must be legally sound and supported by the evidence. See Clark v. Brown, 450 F.3d 898, 904-05 (9th Cir.2006). The California Court of Appeal rejected Galloway’s arguments regarding the self-defense jury instructions on appeal, holding that the trial court’s instructions were proper under California law pursuant to People v. Holt, 25 Cal.2d 59, 153 P.2d 21 (1944), and Galloway was not deprived of his ability to present his theory of defense. We defer to the California court’s interpretation of California law. See Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005). Galloway’s citations to California Court of Appeal cases supporting his state law argument do not supercede California law as' expressed by the California Supreme Court in Holt, see Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), nor do they provide a basis for us to question that state law determination on federal habeas *532 review. See Bradshaw, 546 U.S. at 76,126 S.Ct. 602.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.