Juan Heredia MONARREZ,
Petitioner—Appellant,

v.

Edward ALAMEDA, Warden,
Respondent—Appellee.

No. 07–55081.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2008 *.

Filed March 5, 2008.

Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Bradley A. Weinreb, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM **

In May 1999, a California state court jury convicted Juan Heredia Monarrez of attempted premeditated murder of Jesus Beltran, street terrorism, and two firearms violations. Monarrez appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We affirm the district court.

 Monarrez argues that his constitutional right to due process was violated by a police detective's testimony at trial regarding Monarrez's tattoo of a man holding a gun, and the gang-related significance of that tattoo. Monarrez argues that admission of this evidence raised a real risk that he was convicted for his lifestyle, and not for the crimes with which he was actually charged.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal habeas court must defer to a state court's resolution of a prisoner's constitutional claims unless the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Because the state courts did not address this due process claim, we must "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir.

2003) (quoting *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000)).

Admission of evidence at trial violates due process only when it "is so unduly prejudicial that it renders the trial fundamentally unfair," *Payne v. Tennessee,* 501 U.S. 808, 825, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), and "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Dowling v. United States,* 493 U.S. 342, 353, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (internal quotation marks and citations omitted).

In this case, the evidence of gang membership was relevant to establishing a material issue of the case, namely Monarrez's motive for committing the crime. *See Dawson v. Delaware,* 503 U.S. 159, 165, 112 S.Ct. 1093, 117 L.Ed.2d 309 (1992); *United States v. Abel,* 469 U.S. 45, 52–55, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Because the trial court's admission of this relevant evidence is neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, it was not unreasonable.

Monarrez relies on *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), but that case does not assist him. Unlike the defendant in *Old Chief,* Monarrez has not shown that there was equally probative information that the prosecution could have relied on in lieu of his tattoo. Moreover, *Old Chief* concerns FEDERAL RULE OF EVIDENCE 403 balancing, not the violation of due process.

 Monarrez also raises two uncertified issues in his appeal. He claims his due process rights were violated by the admission of (1) evidence that he had a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

chrome handgun similar to the gun involved in the crime the day before the shooting, and (2) evidence that Mexican Mafia graffiti was etched in the wood outside the courtroom. This admitted evidence was relevant: the gun evidence was probative of Monarrez's identity as the shooter, and the graffiti evidence was relevant to prove the state of mind of a witness who recanted earlier statements inculpating Monarrez. Because Monarrez has not shown that the admission of this evidence "is so unduly prejudicial that it renders the trial fundamentally unfair," *Payne*, 501 U.S. at 825, 111 S.Ct. 2597, he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). We therefore decline to expand the certificate. *See Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir.2000).

**AFFIRMED.**