MEMORANDUM **
Appellant Stephen Kopy was convicted of first degree murder and two counts of assault with a firearm. The California Court of Appeal affirmed the conviction, the California Supreme Court denied review, and Kopy sought federal habeas relief under 28 U.S.C. § 2254. The District Court denied Kopy’s petition, and Kopy now appeals on several grounds. We review the District Court’s decision de novo. Doody v. Schriro, 548 F.3d 847, 857 (9th Cir.2008). Applying the deferential standard of review found in the Antiterrorism and Effective Death Penalty Act (AED-PA), we will not disturb the California Court of Appeal’s decision unless it was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or unless it was based on an unreasonable determination of the facts in light of the evidence presented in the trial court. 28 U.S.C. § 2254(d). We affirm.
I.
Kopy argues that he was denied due process because the jury instructions regarding the heat of passion defense misled the jury to believe that heat of passion must arise suddenly. We do not agree. The instruction on the heat of passion defense correctly informed the jury that “Illegally adequate provocation may occur in a short, or over a considerable period of time.” The instruction elsewhere referred to “provocation whether of short or long duration.” The fact that the separate murder instruction referred to “a sudden heat of passion or other condition precluding the idea of deliberation,” and that other instructions referred to “sudden quarrel or heat of passion,” did not detract significantly from the correct instruction on the heat of passion defense. The instructions did not so infect the trial with unfairness that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
II.
Kopy argues that misstatements in the prosecutor’s closing argument denied him due process. The prosecutor misstated the law when he asserted that the heat of passion must be sudden and that there cannot be a “slow heat of passion as a defense in a murder case.” The prosecutor also erred when he argued that anger is the equivalent of malice, when he used the word “rationally” instead of “rashly” to describe conduct that will satisfy the heat of passion defense, and when he argued that an intent to kill precludes a finding of manslaughter. Finally, the prosecutor erred by arguing that Appellant could claim heat of passion and “walk in essence out of this courtroom with a manslaughter while [the victim] is in his grave.” Kopy’s counsel objected to this last statement, and the trial court sustained the objection and *669 promptly instructed the jury to disregard the statement.
We conclude that the trial court correctly instructed the jury on each of these issues. The court also instructed the jury that “[i]f anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions.” The jury is presumed to have followed these instructions. Zafiro v. United States, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The prosecutor’s statements, considered together and in light of the jury instructions, did not render Kopy’s trial fundamentally unfair. See Darden v. Wainwright, 477 U.S. 168, 183, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).
III.
Kopy argues that he was denied due process when the prosecutor asked him to comment on the credibility of various prosecution witnesses. At the time of Kopy’s trial in 2001, however, no published California case had held such questioning improper, see People v. Zambrano, 124 Cal.App.4th 228, 21 Cal.Rptr.3d 160, 169 (Ct.App.2004), and Kopy cites no United States Supreme Court case holding such questions improper. Moreover, the inconsistency between Kopy’s testimony and the testimony of several prosecution witnesses was clear even without such cross-examination. Given this fact and the substantial evidence of Kopy’s guilt, the cross-examination did not render Kopy’s trial fundamentally unfair. Darden, 477 U.S. at 183, 106 S.Ct. 2464.
IV.
Kopy argues that trial counsel was ineffective because he failed to object to the prosecutor’s misstatements of law and failed to request an instruction explaining Kopy’s slow-building heat of passion defense. To prevail on this claim, Kopy must show that his counsel’s representation fell below an objective standard of reasonableness and that Kopy was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, Kopy must show to a “reasonable probability” that the result of the trial would have been different had counsel acted effectively. Id. at 694, 104 S.Ct. 2052.
Kopy has not shown prejudice. As discussed above, the prosecutor’s misstatements were corrected by the jury instructions, and the jury was instructed that adequate provocation may arise over a considerable period of time. Given these instructions and the substantial evidence of guilt, Kopy has not shown to a reasonable probability that the result of the trial would have been different had his counsel objected to the prosecutor’s misstatements or requested additional instructions on the heat of passion defense. Id.
V.
Kopy argues that the trial court violated his due process rights by failing to instruct the jury, sua sponte, that killing in imperfect self-defense negates malice and that the prosecution must prove beyond a reasonable doubt that Kopy was not acting in unreasonable self-defense when he killed the victim. Kopy presented no evidence that would support a conclusion that he acted in self-defense. Moreover, the failure of a state trial court to instruct on lesser included offenses in a non-capital case generally does not present a federal constitutional question. Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir.1998); cf. Solis v. Garcia, 219 F.3d 922, 929 (9th Cir.2000).
*670 VI.
In summary, we conclude that the decision of the California Court of Appeal affirming Kopy’s conviction was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the trial court. Kopy therefore is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.