**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT GINO CHAVEZ, | No. 19-15543 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-00952-JKS |
| v. | |
| SULLIVAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Submitted December 11, 2020[**]
San Francisco, California

Before:  W. FLETCHER, IKUTA, and VANDYKE, Circuit Judges.

California prisoner Vincent Chavez petitions for review of the district court's

denial of his habeas petition under 28 U.S.C. § 2254.  We have jurisdiction

pursuant to § 2253(a) and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chavez was convicted of first degree murder for the fatal stabbing of Sue Saeturn. The jury also found true special allegations that Chavez used a deadly weapon, and that the murder was gang-related. On appeal, the California Court of Appeal reversed the gang-related special circumstance and enhancement, but otherwise found no reversible error. Chavez subsequently filed a habeas petition pursuant to § 2254 in district court. The district court denied his petition but certified his cumulative error claim for appeal.

First, Chavez argues that the Superior Court's decision not to instruct the jury as to the "heat of the passion" lesser-included offense violated state law and his right to present a defense. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). The California Court of Appeal held that the trial court's decision not to give the jury instruction was proper under state law because there was no evidence of provocation, a required element of the offense. That determination is binding on this court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The jury instruction was not required under federal law because, without any evidence to satisfy the provocation element, a reasonable jury could not have found in Chavez's favor. *See Mathews v. United States*, 485 U.S. 58, 63 (1988).

Second, Chavez contends that the testimony of one of the prosecution's gang experts violated *People v. Sanchez*, 63 Cal. 4th 665 (2016). In *Sanchez*, the

California Supreme Court held that expert witnesses' use of case-specific testimonial hearsay runs afoul of *Crawford v. Washington*, 541 U.S. 36 (2004). *Sanchez*, 63 Cal. 4th at 684. Chavez does not, however, cite any U.S. Supreme Court decision applying *Crawford* in the same manner as *Sanchez*.

Third, Chavez claims that because the prosecutor and expert witness referred to him by name in hypothetical questions, the expert improperly opined on his guilt, thereby depriving him of due process and violating *People v. Vang*, 52 Cal. 4th 1038 (2011). But in his brief, Chavez agreed with the district court that expert testimony "on the ultimate issue is not contrary to or an unreasonable application of Supreme Court precedent."

Because the state appellate court could reasonably conclude that the only two potential trial court errors—the heat of passion instruction and the gang expert's testimony—did not together render the trial fundamentally unfair, the state appellate court's rejection of Chavez's cumulative error claim was not an unreasonable application of *Chambers v. Mississippi*, 410 U.S. 284 (1973) for purposes of Section 2254(d)(1).

We note that Chavez raises a number of additional arguments in his briefs, some of which are framed as a motion to expand the certificate of appealability.

These claims were not presented to the district court and are not cognizable on appeal. *See King v. Rowland*, 977 F.2d 1354, 1357 (9th Cir. 1992).

**AFFIRMED.**